IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

WILLIAM WOOLRIDGE and STEPHANIE CROSS,

      Plaintiffs,

      v.

CITY OF CHICAGO, OFFICER WALLACE, Star Number 16916, OFFICER MARIJAN, Star Number 10173 and OFFICER SMITH, Star Number 8872,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

JUDGE KOCORAS

02C 3475
DOCKETED
MAY 15 2002

MAGISTRATE JUDGE ASHMAN

FILED-E04
02 MAY 14 PM 4:31
CLERK
U.S. DISTRICT COURT

## COMPLAINT

NOW COME Plaintiffs, WILLIAM WOOLRIDGE and STEPHANIE CROSS, by their attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO, OFFICER WALLACE, OFFICER MARIJAN, and OFFICER SMITH (collectively, "Defendant Officers"), in their individual capacities, state as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

## Background

4. Plaintiff, William Woolridge, a member of the United States Army, is employed as a telephone bank teller by LaSalle Bank. In May of 2001, he and Plaintiff, Stephanie Cross, resided on Chicago's South Side.

5. In the Spring of 2001, Woolridge decided to re-enlist in active duty with the United States Army. On May 18, 2001, Woolridge was scheduled to leave Chicago and fly to Camp Casey, Korea to begin his tour of duty.

6. On May 17, 2001, Woolridge and Cross were spending their last day together before Woolridge's departure, enjoying the warm Spring evening on the front porch of their house on South Phillips Avenue in Chicago. They were listening to music from the stereo inside Woolridge's car, which was legally parked directly in front of his house. The music was neither loud nor disturbing anyone in the vicinity.

7. At approximately 11:00 p.m., a marked City of Chicago Police Department squad car pulled behind Woolridge's car. Without saying a word to Woolridge, who was merely steps away from his car, Officer Wallace, accompanied by Officer Marijan, reached inside Woolridge's car and turned off the ignition. Officer Wallace then proceeded to walk without comment towards his squad car with Woolridge's keys in his hand.

8. Woolridge, unsure of what had just occurred, asked the officers what they were doing. When he did not get a response from either of them, Woolridge began to walk towards the

2

officers, repeating his question. Officers Marijan and Wallace continued to ignore him.

9. After a few moments, and because he had received no response from the officers, Woolridge approached Officer Wallace from behind and tapped him on the shoulder in order to get his attention.

10. Without any warning or reason, Officer Wallace wheeled around and told Woolridge that he had just assaulted him. Immediately, Officer Marijan approached Woolridge from behind and began to handcuff him.

11. Worried for the safety of her boyfriend, Cross approached the officers and begged them to leave Woolridge alone, since he had done nothing wrong.

12. The Defendant Officers, including Officer Smith who had arrived at the scene, commenced to physically abuse the Plaintiffs. In the ensuing moments, Woolridge was kicked in the knee, choked, and had his head rammed against the squad car. Cross was maced, knocked to the ground, dragged by her hair and repeatedly slapped and kicked by the Defendant Officers.

13. Plaintiffs were then arrested and brought to the Third District Police Station. Woolridge, who was further abused at the Station by the Defendant Officers, was charged with Battery to a Police Officer and cited for playing his car stereo too loudly. Cross was charged with Battery to a Police Officer and Obstruction.

14. While he was being detained, Woolridge received medical treatment for his injuries. Among other things, he

3

received stitches for a gash above one of his eyes. Cross also received treatment for her injuries, including a large cut on her shoulder and damage to her back, while being detained.

15. Plaintiffs received treatment on numerous occasions thereafter for injuries sustained during the incident.

16. On January 31, 2002, all charges against Plaintiffs were resolved in a manner indicative of their innocence.

17. Due to the nature of the charges brought against him, Woolridge was unable to return to active status with the United States Army for nearly a year. Cross, who was considering joining the military at the time, was also unable to proceed with her career due to the pending charges against her.

Count I -- 42 U.S.C. § 1983

Excessive Force

18. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

19. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution.

20. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiffs' constitutional rights.

21. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

4

22. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs; specifically, Chicago Police Officers accused of excessive force can be confident that the Office of Professional Standards will not investigate those accusations in earnest, and will refuse to recommend discipline even where the Officer has engaged in excessive force;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiffs in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in

5

the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e.  The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  In other words, if a police officer is accused of the same sort of misconduct twenty times in row, O.P.S. is forbidden by the City from considering those allegations if they are deemed unsustained; and

h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

23.  As a result of the Defendant Officers' unjustified and excessive use of force, as well as the City's policy and practice, Plaintiffs have suffered pain and injury, as well as

6

emotional distress.

### Count II –– 42 U.S.C. § 1983

### Failure to Intervene

24.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

25.     During the beating of Plaintiffs as described more fully above, some of the Defendant Officers stood by and watched without intervening to prevent the violence to which Plaintiffs were subjected.

26.     As a result of the Defendant Officers' failure to intervene to prevent the unjustified and excessive use of force, Plaintiffs suffered pain and injury, as well as emotional distress.  These Defendant Officers had a reasonable opportunity to prevent the harm had they been so inclined, but failed to do so.

27.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

### COUNT III –– State Law Claim:

### Battery

28.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

29.     As described in the preceding paragraphs, the conduct of the Defendant Officers, acting within the scope of their employment as police officers, constituted unjustified and offensive physical contact, undertaken willfully and wantonly,

7

proximately causing Plaintiffs' bodily injuries.

30. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

31. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

COUNT IV -- 42 U.S.C. § 1983:

False Arrest/Unlawful Detention

32. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

33. Plaintiffs were improperly seized, arrested, and detained without any probable cause in violation of their constitutional rights.

34. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

35. As a result of the above-described wrongful infringement of Plaintiffs' rights, they have suffered damages, including but not limited to substantial mental stress and anguish.

36. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

**COUNT V — State Law Claim:**

**False Arrest/False Imprisonment**

37. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

38. Plaintiffs were arrested and detained despite the Defendant Officers' knowledge that there was no probable cause for doing so.

39. In the manner described in the preceding paragraphs, Defendants unlawfully restrained Plaintiffs' liberty to move about by imprisoning them.

40. As a result of this misconduct, Plaintiffs have suffered and continue to suffer injuries including pain and suffering.

41. Defendants' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

42. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**COUNT VI — State Law Claim:**

**Malicious Prosecution**

43. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

44. Plaintiffs were improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously,

9

resulting in injury, and all such proceedings were terminated in Plaintiffs' favor in a manner indicative of innocence.

45. The Defendant Officers accused Plaintiffs of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

46. Statements of the Defendant Officers regarding Plaintiffs' alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

47. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

48. As a result of the above-described wrongful infringement of Plaintiffs' rights, they have suffered financial and other damages, including but not limited to substantial mental stress and anguish.

49. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

COUNT VII -- State Law Claim:

Respondeat Superior

50. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

10

51. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

52. Defendant City of Chicago is liable as principal for all torts committed by its agents.

COUNT VIII -- State Law Claim:

Indemnification

53. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

54. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

55. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, WILLIAM WOOLRIDGE and STEPHANIE CROSS, respectfully request that this Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER WALLACE, OFFICER MARIJAN, and OFFICER SMITH, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER WALLACE, OFFICER MARIJAN, and OFFICER SMITH in their individual capacities, as well as any other relief this Court deems just and appropriate.

11

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Michael Kanovitz
Jon Rosenblatt
LOEVY & LOEVY
434 West Ontario
Suite 400
Chicago, IL 60610
(312) 274-1700

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

02C3475

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the Northern District of Illinois.

**Plaintiff(s): William Woolridge and Stephanie Cross**

County of Residence: Cook

Plaintiff's Atty:  Loevy & Loevy
434 West Ontario, Ste. 400
Chicago, IL 60610
(312) 274.1700

**Defendant(s):City of Chicago, Officer Wallace, Officer Marijan and Officer Smith**

County of Residence:

Defendant's Atty:

JUDGE KOCORAS

MAGISTRATE JUDGE ASHMAN

II. Basis of Jurisdiction:          **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal
Parties (Diversity Cases Only)
                    Plaintiff:- **N/A**
                    Defendant:- **N/A**

IV. Origin :                **1. Original Proceeding**

V. Nature of Suit:          **440 Other Civil Rights**

VI.Cause of Action:         **42 U.S.C. Section 1983 - Excessive Force**

VII. Requested in Complaint
                Class Action: **No**
            Dollar Demand:
            Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: _____ 5/10/2

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**          Revised: 06/28/00

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
Eastern Division **DOCKETED**   JUDGE KOCORAS

**MAY 1 5 2002**   MAGISTRATE JUDGE ASHMAN

In the Matter of

William Woolridge and Stephanie Cross,

v.

City of Chicago, Officer Wallace, Officer Marijan and Officer Smith.

Case Number:    02 C

**02C 3475**

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

William Woolridge and Stephanie Cross

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| NAME Jon Loevy | | NAME Arthur Loevy | |
| FIRM Loevy & Loevy | | FIRM SAME | |
| STREET ADDRESS 434 West Ontario, Ste. 400 | | STREET ADDRESS | |
| CITY/STATE/ZIP Chicago, IL 60610 | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER (312) 274-1700 | | TELEPHONE NUMBER | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? YES ✔ NO | | MEMBER OF TRIAL BAR? YES NO ✔ | |
| TRIAL ATTORNEY? YES ✔ NO | | TRIAL ATTORNEY? YES ✔ NO | |
| | | DESIGNATED AS LOCAL COUNSEL? YES NO ✔ | |

| (C) | | (D) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| NAME Michael Kanovitz | | NAME Jon Rosenblatt | |
| FIRM SAME | | FIRM SAME | |
| STREET ADDRESS | | STREET ADDRESS | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | | TELEPHONE NUMBER | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? YES NO ✔ | | MEMBER OF TRIAL BAR? YES NO ✔ | |
| TRIAL ATTORNEY? YES ✔ NO | | TRIAL ATTORNEY? YES ✔ NO | |
| DESIGNATED AS LOCAL COUNSEL? YES NO ✔ | | DESIGNATED AS LOCAL COUNSEL? YES NO ✔ | |

1-3